**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

March 29, 2022

Stephen N. Dratch, Esq.
Franzblau Dratch, PC
Plaza One
354 Eisenhower Parkway
P.O. Box 472
Livingston, New Jersey 07039-0472
*Counsel for Defendant*

George Brandley, Esq.
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102
*Counsel for the Government*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    **Re:**     *United States v. Marcus Williams*
               **Criminal Action No. 11-00421-SDW-1**

Counsel:

    Before this Court is Defendant Marcus Williams' ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 34.) This Court having considered the parties' submissions, and for the reasons stated below, denies Defendant's motion.

**DISCUSSION**

A.

    Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see Dillon v. United States*, 560 U.S. 817, 825 (2010); *United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). Accordingly, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)). First, "a defendant seeking a reduced sentence must ask the [Bureau of Prisons ("BOP")] to do so on his or her behalf and either . . . wait thirty days for the BOP to respond or . . . exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Then, a court may reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (quoting *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020)).

B.

On June 22, 2011, Defendant pleaded guilty to one count of possession with intent to distribute crack-cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(B) and 18 U.S.C. § 2. (D.E. 29 at 1.) On December 22, 2011, this Court sentenced Defendant to 188 months of imprisonment and 5 years of supervised release. (*Id.* at 2–3.) While incarcerated in the Federal Correctional Institute in Allenwood, Pennsylvania ("FCI Allenwood"), on February 3, 2022 Defendant moved *pro se* in this Court for compassionate release under the FSA. (D.E. 34.) The Government filed its opposition brief on February 18, 2022. (D.E. 37.)

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

C.

Defendant moves for compassionate release on the bases of (1) susceptibility to COVID-19 because he suffers from hypercoagulation, and (2) he has completed rehabilitative programs while incarcerated. (*See* D.E. 34.) For the reasons discussed below, this Court does not find that Defendant has met the procedural requirement for judicial review and, even if Defendant had met the procedural requirement, he has not established compelling and extraordinary reasons to justify his release.

First, Defendant has not provided any confirmation that he filed a request with the warden of FCI Allenwood and exhausted the available administrative remedies, as required by the FSA. *See* 18 U.S.C. § 3582(c)(1)(A). It is well settled in this Court that "Congress, in enacting the FSA, has statutorily imposed exhaustion requirements before a defendant can petition in court," and "a court may not ignore a statutory command, such as the one imposed in Section 3582(c)(1)(A)." *Epstein*, 2020 WL 1808616, at *2. While the Government did not raise an objection on that basis, (D.E. 37), because Defendant did not submit any evidence that he adhered to this important procedural requirement, this Court must deny Defendant's Motion.

Second, even if Defendant had complied with the procedural requirement, the Motion still would not withstand scrutiny on the merits. Although this Court is sympathetic to Defendant's concerns for his health, his concerns do not amount to "compelling and extraordinary reasons" that justify early release. *See Epstein*, 2020 WL 1808616, at *2. If a defendant is vaccinated, many courts have found that there is an insignificant likelihood that the defendant "will contract COVID-19 and become seriously ill." *United States v. Pabon*, Crim. No. 17-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021); *see also United States v. Donley*, 2021 WL 6197633, at *4 (N.J.D. Dec. 30, 2021) (denying compassionate release to a fully vaccinated defendant with two heath conditions, neither of which is recognized by the Centers for Disease Control and Prevention ("CDC") as definitively increasing the risk of COVID-19); *United States v. Roper*, Crim. No. 16-335, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) ("The risk posed to an inoculated [defendant] is not an extraordinary and compelling reason for his release."). Further, the CDC does not identify hypercoagulation alone as a COVID-19 risk factor.[2] The CDC considers blood clots as a COVID-19 risk factor only when the patient has a history of serious disorders related to the lungs or brain.[3]

Here, Defendant's medical condition is not sufficiently severe to establish a compelling basis for his release. Defendant was diagnosed with "primary hypercoagulable state," but has not demonstrated any history of blood clots related to his lungs or brain. (D.E. 35 at 2.) Defendant's medical records indicate that he is provided routine medical check-ups at FCI Allenwood, and the anticoagulant medication that the facility provides effectively manages any symptoms. (*See generally* D.E. 35.) While Defendant's medical records indicate that he has a history of missing doses of his prescribed anticoagulant, that fact does not constitute a basis for release since effective treatment is available and Defendant can manage his condition. (D.E. 35 at 61.) Importantly, Defendant is fully vaccinated and has received two doses of the Moderna vaccine. (D.E. 35 at 108–09.) Furthermore, Defendant contracted COVID-19 in November 2020 and made a full

---

[2] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 14, 2021).
[3] *Cf. id.*

recovery while taking Warfarin to manage his hypercoagulation disorder. (D.E. 35 at 9.) Thus, Defendant's request for compassionate release due to concerns about susceptibility to COVID-19 is not supported.

Moreover, while this court applauds Defendant's efforts to rehabilitate himself during his incarceration be[y] participating in classes and programs, these efforts do not demonstrate "compelling and extraordinary reasons" that justify early release. (*See* D.E. 34.) This Court has clearly articulated that rehabilitative efforts alone "cannot demonstrate 'extraordinary and compelling reasons' to warrant . . . release." *United States v. Brashear*, 2021 WL 5239119, at n.5 (D.N.J. Nov. 10, 2021) (quoting *United States v. James McNair*, 481 F. Supp. 3d 362, 370 (D.N.J. Aug. 2020)). Because Defendant's medical concerns and rehabilitative efforts do not demonstrate "extraordinary and compelling reasons" to warrant his release, his request for compassionate release is not supported.

Consequently, even if Defendant presented extraordinary and compelling reasons for release, this Court would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his release. *See United States v. Horvath*, Crim. No. 15-400, 2020 WL 7074379, at *1, *3–4 (D.N.J. Dec. 3, 2020) (concluding that, while defendant's hypertension and other health issues constituted an "extraordinary and compelling" reason for release, the sentencing factors weighed against compassionate release). Defendant is serving a 188-month term for possession with intent to distribute crack-cocaine. Moreover, Defendant was sentenced as a "career offender" (Criminal History Category VI). (*See* D.E. 29 at 1–3.) A reduced sentence would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). It would also create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"). The supportive reasons set forth on the record at the time of sentencing are still applicable. Thus, even if Defendant's Motion had survived the procedural inadequacy, this Court would deny release.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. An appropriate order follows.

                                                   /s/ Susan D. Wigenton
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk
cc:      Parties